**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ' |
| | '    **CR. NO. 4:16-cr-00385** |
| **vs.** | ' |
| | ' |
| **SUNNY JOSHI, et al.** | ' |
| | ' |
| **Defendants.** | ' |

**UNITED STATES' MOTION FOR**
**PRELIMINARY ORDERS OF FORFEITURE**

The United States of America, by and through its attorneys, the United States Attorney for the Southern District of Texas and the Assistant Attorney General for the Criminal Division, moves to seek preliminary orders of forfeiture to be imposed at sentencing, including money judgments in amounts agreed to by the parties or, if no agreement is reached, in an amount to be determined by the Court at or before the upcoming sentencings in the above-captioned case. The United States has submitted Proposed Preliminary Orders of Forfeiture for each Defendant currently scheduled to be sentenced in this case. In support thereof, the Government states the following:

**Procedural and Factual Background**

Beginning in 2011, agents with Homeland Security Investigations, the Treasury Inspector General for Tax Administration, the Department of Homeland Security-Inspector General, and others, began investigating and ultimately identified a complex fraud and money laundering scheme in which individuals from call centers located in Ahmedabad, India impersonated U.S. government tax and immigration officials, and others, and called potential victims located in the United States to defraud them out of money, often threatening them with arrest, imprisonment,

1

fines or deportation if they did not pay allegedly taxes or penalties to the government. The scam callers convinced the victims to pay or transfer often large amounts of money to the scammers through various methods, per their specific instructions. In order to liquidate the proceeds derived from victims of this scheme, numerous U.S.-based individuals (also known as "runners") operating in various geographic locations were employed by the India-based call center conspirators. The conspirators liquidated the victims' funds in various ways and in a closely coordinated fashion between the call centers, runners, and associates via email, text, and instant messaging services such as WhatsApp. In a typical scenario, call centers directed runners to purchase general purpose reloadable (GPR) cards and transmit the unique card number to India-based conspirators who registered the cards online or via telephone using the misappropriated personal identifying information (PII) of U.S. citizens. The India-based conspirators then loaded these GPR cards with funds obtained from numerous victims. The runners used the GPR cards in their possession, loaded with victims' funds, to purchase money orders they deposited into the bank account of another person, as directed. This fraud activity often occurred on the same day, usually within hours; too quickly for the victim to report the fraud to law enforcement and/or financial institutions in an effort to successfully freeze and recover their funds. For their services, the runners would earn a specific fee or a percentage. In addition to laundering victims' funds using GPR cards, runners also received victims' funds via MoneyGram and Western Union wire transfers using fictitious identities/false identification documents, direct bank deposits by victims into the accounts of witting and unwitting bank account holders, and iTunes or other gift cards that victims purchased as instructed.

On October 19, 2016, a federal grand jury in the Southern District of Texas returned a superseding indictment in the instant case against Sunny Joshi, fifty-five other people located in

the United States and abroad, and five India-based call center conglomerates on charges of a multi-object conspiracy, conspiracy to commit wire fraud, and conspiracy to launder monetary instruments. Specifically, Count 1 charged all defendants with a multi-object conspiracy, in violation of 18 U.S.C. § 371, for conspiring to commit the following federal crimes: a) wire fraud, in violation of 18 U.S.C. § 1343; b) impersonation of a federal officer or employee, in violation of 18 U.S.C. § 912; c) identification fraud, in violation of 18 U.S.C. § 1028(a)(7); d) access device fraud, in violation of 18 U.S.C. § 1029(a)(2); and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Count 2 charged all defendants with a conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. Count 3 charged all defendants with a conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h).[1]

Defendants pled guilty to the following charges:

| Count 1: 18 U.S.C. § 371 | Count 2: 18 U.S.C. § 1349 | Count 3: 18 U.S.C. § 1956 |
|---|---|---|
| Praful Patel | Hardik Patel | Miteshkumar Patel |
| Nisarg Patel | | Viraj Patel |
| Montu Barot | | Sunny Joshi |
| Rajesh Kumar | | Rajubhai Patel |
| Jerry Norris | | Rajesh Bhatt |
| Dilipkumar R. Patel | | Bhavesh Patel |
| Nilesh Pandya | | Jagdish Chaudhari |
| | | Dilipkumar A. Patel |
| | | Fahad Ali |
| | | Ashvinbhai Chaudhari |
| | | Harsh Patel |
| | | Bharatkumar Patel |
| | | Nilam Parikh |

---

[1] Counts 4 and 5 charged one defendant, Sunny Joshi, with false statement in application for a passport, in violation of 18 U.S.C. § 1542.

In each of their plea agreements, the above-listed Defendants agreed to forfeit any and all proceeds from the commission of the offense, any and all property used or intended to be used to facilitate the offenses, and any property involved in the money laundering offenses. The Defendants also agreed to the entry of money judgments against them and in favor of the United States; some agreed to a specific amount and some agreed that the Court would decide the amount.

## Argument and Authorities

Forfeiture is a mandatory element of sentencing imposed following conviction. *United States v. Sanjar*, 876 F.3d 725, 751 (5th Cir. 2017), cert. denied sub nom. *Main v. United States*, 138 S. Ct. 1577 (2018); *United States v. Valdez*, 726 F.3d 684, 699 (5th Cir. 2013) ("criminal forfeiture is a part of sentencing imposed after conviction; it is not a substantive element of the offense"); *see also United States v. Brummer,* 598 F.3d 1248, 1250 (11th Cir. 2010) (all criminal forfeitures are mandatory - including those based on a civil forfeiture statute such as § 924(d) - because 28 U.S.C. § 2461(c) applies to all criminal forfeitures, and it provides that "the court shall order the forfeiture of the property as part of the sentence"*)*.

Forfeiture is not determined by the loss to the victims. This is because forfeiture and restitution have distinct and distinguishable purposes - restitution puts the defendant and the victim back in the position they were in before the crime occurred; forfeiture punishes the defendant by forcing him to pay the gross receipts of the crime, not just his net profit. *United States v. Peters*, 732 F.3d 93, 98-99,101 (2nd Cir. 2013). Thus, the calculation of the defendant's sentencing guidelines range is entirely independent of the amount subject to forfeiture. *United States v. Hamaker*, 455 F.3d 1316, 1336 (11th Cir. 2006). *See also United States v. Stathakis*, 320 F. App'x. 74, 78 (2d Cir. 2009) (finding no reason why the amount of forfeiture and the amount of restitution need to be the same because they serve different ends: "Forfeiture is designed to punish, deter and

4

disempower criminals. In contrast, restitution and loss focus on the harm suffered by the victim instead of any benefit to the wrongdoer.")

Rule 32.2(b)(2)(A) expressly provides for three types of forfeiture: imposing a money judgment, forfeiting specific traceable assets, and forfeiting substitute assets. *See also United States v. McGinty*, 610 F.3d 1242, 1248 (10th Cir. 2010) (finding a forfeiture order may include both a money judgment and specific assets); *United States v. Tardon*, 56 F. Supp.3d 1309, 1320 (S.D. Fla. 2014) (finding no double-counting when the money judgment will be reduced by the proceeds obtained from the sale of specific assets once they are forfeited and sold). Further, the Fifth Circuit Court of Appeals has endorsed the imposition of personal money judgments: "We join our sister circuits and hold that money judgments are appropriate in the criminal forfeiture context." *United States v. Olguin*, 643 F.3d 384, 397 (5th Cir. 2011) (citation omitted).

Federal Rule of Criminal Procedure 32.2(b)(1)(A) provides that "[i]f the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." Rule 32.2(b)(2)(B) provides that the forfeiture order should be entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final" as to the Defendant at sentencing.[2]

In a proceeds case, forfeiture "is limited to property the defendant himself actually acquired as the result of the crime." *Honeycutt v. United States,* 137 S.Ct. 1626, 1635 (2017).[3] *Honeycutt*

---

[2] Should the parties disagree on the amount of proceeds obtained from the fraud, the Court makes the decision and can do so at or before sentencing. In addition, Rule 32.2(b)(2)(C) explicitly authorizes this Court to enter a general order of forfeiture at sentencing and amend it later once the Court determines the specific amount owed. *United States v. Arnold*, 878 F.3d 940 (10th Cir. 2017).

[3] *Honeycutt v. United States*, 137 S.Ct. 1626 (2017), did not rule on the validity of money judgments, only on the issue of joint and several liability. *United States v. Gorski*, 880 F.3d 27 (1st Cir. 2018).

also applies to the civil forfeiture statutes, such as 18 U.S.C. § 981, which operate in conjunction with 28 U.S.C. § 2461(c).[4] The only exception is for money laundering forfeitures under § 982(a)(1) when the government can show the defendant meets the exception set forth in § 982(b)(2). That section states that "[t]he substitution of assets provisions of [subsection 853(p)] shall not be used to order a defendant to forfeit assets in place of the actual property laundered where such defendant acted merely as an intermediary who handled but did not retain the property in the course of the money laundering offense *unless* the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000 or more in any twelve month period." (Emphasis added.)

If the defendant has only a partial interest, the property may be forfeited and the third party's interest sorted out in the ancillary proceeding. *United States v. Lamid,* 663 Fed.Appx. 319 (5th Cir. Oct. 11, 2016) (real property belonging to a community estate, such as a spousal interest, may be forfeited as a substitute asset if valid third-party claim is not filed).

Here, each Defendant plead guilty to one count of the Superseding Indictment. For Defendants convicted of Count 1 or Count 2, conspiracy in violation of 18 U.S.C. §§ 371 or 1349, respectively, the property subject to forfeiture includes all property, real or personal, which constitutes or is derived from proceeds traceable to that offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). For Defendants convicted of Count 3, the property subject to forfeiture includes all property, real or personal, involved in the money laundering conspiracy,

---

[4] Many civil forfeiture statutes broadly authorize *in rem* forfeiture of all proceeds of one or more criminal offenses. *See* 18 U.S.C. § 981(a)(1)(C) (authorizing forfeiture of any property, "which constitutes, or is derived from proceeds traceable" to the enumerated criminal statutes). Those civil forfeiture statutes are used in conjunction with 28 U.S.C. § 2461(c) to authorize a criminal forfeiture.

and all property traceable to such property, pursuant to 18 U.S.C. § 982(a)(l). Further, where those Defendants conducted three or more separate money laundering transactions involving a total of $100,000 or more in any twelve-month period, the property subject to forfeiture includes all proceeds the Defendant actually laundered, and not just what he or she individually obtained in commissions.

### Relief Requested

The United States has submitted proposed Preliminary Orders of Forfeiture for each Defendant currently scheduled to be sentenced in this case. If the parties do not agree on amounts, the Court can determine the appropriate amount of the money judgment by relying "on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). The United States has attached individual proposed orders so that Defendants may suggest any revisions or modifications to the form of the order prior to sentencing. At the sentencing hearing, all parties reserve the right to argue for a certain amount to be written into the order, if they have not previously agreed on the amount.

The United States moves that Preliminary Orders of Forfeiture, including money judgments, be imposed against each defendant at or before sentencing.

Respectfully Submitted,

RYAN K. PATRICK
United States Attorney
Southern District of Texas

By:    */s/  S. Mark McIntyre*
       S. Mark McIntyre
       Craig M. Feazel
       Assistant United States Attorneys

7

JOHN P. CRONAN
Acting Assistant Attorney General

By:    */s/   Amanda S. Wick*
       J. Michael Sheckels
       Mona N. Sahaf
       Amanda S. Wick
       Trial Attorneys
       U.S. Department of Justice
       Criminal Division

## CERTIFICATE OF SERVICE

I, Amanda S. Wick, certify that the foregoing has been served on all attorneys of record in the above-captioned case, either via the CM/ECF electronic filing system or via email, on July 9, 2018.

*/s/   Amanda S. Wick*
Amanda S. Wick
Trial Attorney
United States Department of Justice
Criminal Division, MLARS
1400 New York Avenue NW
Washington, DC 20005
Tel: (202) 514-2842

8